UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
K.M. and S.N. individually and on behalf of L.N.,

                Plaintiffs,

        -against-                                 13-cv-7719 (LAK) (FM)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/15

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       Plaintiffs bring this action under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and applicable New York law seeking review of a decision by a State Review Officer ("SRO") denying the plaintiffs tuition reimbursement for the private school to which they sent their son, L.N., during the 2011-2012 school year. The parties have cross-moved for summary judgment. Magistrate Judge Maas, in an extensive Report and Recommendation, recommends that I deny the plaintiffs' motion and grant the defendant's motion. The plaintiffs object to this recommendation. I have considered the objections and find them to be entirely without merit.

       Plaintiffs first contend that Judge Maas "fail[ed] to acknowledge that the SRO receives absolutely no deference from a federal court on questions of law" and "relied on the due deference standard to adopt . . . legal conclusions drawn by the SRO."[1] This Court has reviewed carefully Judge Maas' thorough Report and Recommendation which in no way deferred to the SRO on issues of law. It explicitly stated that district courts should defer to the *findings* in the final administrative decision.[2] That, of course, is the law of this Circuit: "Where the IHO and SRO disagree . . . courts must defer to the reasoned conclusions of the SRO as the final state administrative determination."[3]

---

[1] Pls.' Objections to the Mag. Judge's Report & Recommendation [DI 22] at 4.

[2] Report & Recommendation [DI 21] at 20.

[3] *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 246 (2d Cir. 2012).

Plaintiffs allege also several procedural inadequacies in the development of L.N.'s individualized education program ("IEP") but have failed to demonstrate that any such inadequacies, to whatever extent they existed, "impeded the child's right to a free appropriate public education[,] significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education [("FAPE")] to the parents' child[,] or caused a deprivation of educational benefits."[4]

First, "school districts must only ensure that a child's IEP is in effect by the beginning of the school year and that the parents are provided a copy."[5] This Court agrees with the SRO and Judge Maas that even if the DOE committed a procedural violation by failing to mail the IEP to L.N.'s parents before July 1, 2011 – the first day of the school year – that did not deny L.N. a FAPE. K.M. participated on June 15, 2011 in the Committee on Special Education meeting and received a draft copy of the IEP at that time.[6] Moreover, the final notice of recommendation dated June 16, 2011 – more than two weeks prior to the beginning of the school year – reflected the DOE's recommendation of a 6:1:1 placement for L.N. with a behavior management paraprofessional at a specific school site.[7] The parents therefore received sufficient information to make a timely decision regarding L.N.'s placement. The SRO's reliance on the foregoing information was permissible and this Court agrees that any such procedural violation did not impede L.N.'s right to a FAPE, significantly impede his parents' opportunity to participate in the decisionmaking process, or cause a deprivation of educational benefits.

Second, the Department of Education's failure to conduct a functional behavior assessment ("FBA") did not deprive L.N. of a FAPE. "Failure to conduct an FBA does not render an IEP legally inadequate under the IDEA so long as the IEP adequately identifies a student's behavioral impediments and implements strategies to address that behavior."[8] The behavior intervention plan ("BIP") included in L.N.'s IEP identified his interfering behaviors, described triggers for those behaviors, strategies to change them, and additional supports to facilitate improvement. Where, as here, "the IEP actually includes a BIP, parents should at least suggest how the lack of an FBA resulted in the BIP's inadequacy or prevented meaningful decision-making."[9]

---

[4] 20 U.S.C. § 1415(f)(3)(E)(ii).

[5] *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 194 (2d Cir. 2005).

[6] Admin. Record (under seal) [DI 10], IHO Hr'g Tr. 65-66, 570-73.

[7] *See id.*, Ex. H (NYC Dep't of Educ. Final Notice of Recommendation).

[8] *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 140 (2d Cir. 2013).

[9] *Id.*

But plaintiffs have failed to do so. The record supports the SRO's finding that the failure to conduct a functional behavior assessment did not render the behavior intervention plan deficient.

Third, although the omission of parent counseling in L.N.'s IEP was a violation of New York's regulation, it did not deprive him of a FAPE. "Though the failure to include parent counseling in the IEP may, in some cases (particularly when aggregated with other violations), result in a denial of a FAPE, in the ordinary case that failure, standing alone, is not sufficient to warrant reimbursement."[10] Plaintiffs have not identified any circumstances that rendered the lack of parent counseling particularly egregious here.

Fourth, plaintiffs complain that the recommended placement site was closed for the summer and that L.N.'s parents did not receive notice of the substitute school. A child's educational placement under the IDEA refers to the "general educational program – such as the classes, individualized attention and additional services a child will receive – rather than the bricks and mortar of the specific school."[11] Accordingly, "there is no requirement in the IDEA that the IEP name a specific school location."[12] As the Second Circuit recently stated, "[w]hile we acknowledge the difficulties that Plaintiffs had in communicating with the school site, these difficulties did not change the type of placement and therefore did not violate the procedures of the IDEA."[13]

Contrary to plaintiffs' assertions, Judge Maas specifically examined the cumulative effect of the procedural inadequacies and determined that they did not render L.N.'s IEP legally inadequate. This Court agrees.

Substantively, plaintiffs claim that the assignment of a 1:1 behavior management paraprofessional did not provide the type and intensity of support required by L.N. The SRO determined that the IEP appropriately recommended that L.N. be placed in a 6:1:1 class with a 1:1 paraprofessional and that this recommendation was reasonably calculated to allow L.N. to receive educational benefits. The "adequacy of 1:1 paraprofessional support as opposed to 1:1 teacher support is precisely the kind of educational policy judgment to which [courts] owe the state deference if it is supported by sufficient evidence."[14] This Court agrees with Judge Maas that this portion of the SRO's decision was well-reasoned and that it is owed deference as the final decision of the state. I therefore find that the IEP was substantively adequate to provide L.N. with a FAPE.

---

[10] *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 191 (2d Cir. 2012).

[11] *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 419 (2d Cir. 2009) (internal quotation marks omitted).

[12] *Id.* at 420.

[13] *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 79 (2d Cir. 2014).

[14] *R.E.*, 694 F.3d at 192.

Finally, plaintiffs' argument that the SRO's decision should be disregarded because it incorrectly stated that the dispute "ha[d] been rendered moot" is baseless.[15]  That statement – while admittedly inaccurate – does not invalidate the 40-plus pages of reasoned findings and conclusions by the SRO.

While I am sympathetic to the laudable concern of the parents for their child and understand that this action has been brought out of that concern, the defendant's motion for summary judgment dismissing the action is granted and the plaintiffs' motion for summary judgment is denied.  The Clerk shall close the case.

SO ORDERED.

Dated:     March 30, 2015

_____
Lewis A. Kaplan
United States District Judge

---

[15] SRO Decision [DI 14-2] at 42.